## LEVI Z. CONDON *vs.* FREDERICK M. RICE.

*Liability of Mortgagor on Mortgage Note.*

Appeal from the Baltimore City Court (Dennis, J.) *Affirmed.*

This action was brought by the appellee against the appellant to recover a balance claimed to be due on a certain promissory note for the sum of $2,700. The appellant being indebted to a certain Mary A. Rice in the sum just stated, delivered to her his note for that amount, dated October 31, 1893, and payable two years after date. To secure the payment of the same the appellant executed a mortgage to the said Mary A. Rice for the amount of said note, on ten lots of ground

in the City of Baltimore. The mortgage and the debt, which it was intended to secure were subsequently assigned to the appellee, who instituted the suit in the Court below and now defends this appeal. After the execution and delivery of said mortgage to the said Mary A. Rice, the appellant sold and assigned all the said several lots mentioned and included in said mortgage to Frank G. Hoopes, who subsequently sold and conveyed these various lots to sundry parties, who paid to the appellee the respective amounts, which according to the terms of said mortgage entitled them to have their several lots released from the lien of said mortgage, making the aggregate thus paid to the appellee the sum of $2,400, which is $300 less than the amount due on the note of $2,700, for the payment of which the mortgage was given to secure. The mortgage in question contains the following provision, which has occasioned this controversy: "The said mortgagor or his assigns having the privilege during the existence of this mortgage and before any default therein of releasing said lots of ground upon paying the sum of $400, and interest upon each of the lots first and second described, and $200 and interest upon each of the remaining lots of ground."

The Court said: "It will be well here to state the exact relation which the note in question bears to the mortgage and conversely, the mortgage to the note. It is the well-settled law of this State that the debt is the principal and the mortgage the incident, or in a case such as this it operates as collateral to the principal to secure its payment. This Court in *McCracken* v. *German Fire Insurance Company*, 43 Md. 477, has said, " Nothing is better settled than that the mortgage is but an incident of the debt." *Boyd* v. *Parker*, 43 Md. 199; *Timms* v. *Shannon*, 19 Md. 314; *Washington Ins. Co.* v. *Kelly*, 32 Md. 440. The debt is the primary obligation between the parties, and the note is the primary evidence of that debt. The giving of a mortgage or other security for a subsisting debt does not extinguish or merge the personal liability. *2 Jones on Mortgages*, 3 Ed. Sec. 1220. Such is unquestionably the law as

determined in this State. CHANCELLOR JOHNSON, in *Wilhelm* v. *Lee,* 2 Md. Ch. 322, says: "The rule appears to be perfectly well settled, that a mortgagee may sue at the same time at law upon his bond or covenant, and in equity upon his mortgage; the case of a mortgage forming an exception to the general rule, that a party shall not be permitted to sue at law and here, at the same time, for the same debt. . . He may, in the words of the late CHANCELLOR BLAND, ' sue on all his remedies at the same time,' though of course he can have but one satisfaction of his demand." *Andrews* v. *Scotton,* 2 Bland 629, 666.

The record nowhere shows or even suggests that any fraud or deceit was practiced upon him, the appellant, nor is it contended that he did not owe the said sum of $2,700, and further that there is yet due to the appellee the sum of $300 and certain interest thereon. When the appellant signed the note and executed the mortgage, he made oath to its consideration, which reads that he " would well and truly pay or cause to be paid the aforesaid principal sum of twenty-seven hundred dollars and all the instalments of interest thereon, &c." As an excuse for failing to pay the full amount of said note, the consideration mentioned in said mortgage, the appellant urges in his own defence, that he was worried in mind and did not read the mortgage or any of a series of mortgages of a similar character connected with the same transaction. This cannot be regarded as constituting a valid excuse for having failed to take such precautionary measures as would have protected himself from misconception of the terms of his contract, if an omission to pay the *whole* of a just debt can properly be construed to mean such ignorance. The Court in *Boyd* v. *Parker,* Ibid. 202, says: " There is no general rule better settled or more just in itself, than that parties who enter into contracts and especially contracts in writing, must be governed by them as made, according to their true intent and meaning, and must submit to the legal consequences from them." *Jones on Mortgages,* Sec. 101, (5th Edition.) The testimony clearly shows that the language employed in the draw-

ing of the mortgage was suggested by the appellant, and if mistake has resulted therefrom, the fault is that of the appellant and responsibility rests solely with him. If he has been damnified by his own act, he has nobody to blame but himself. He is a man of large practical business experience and by ordinary attention to the terms of the mortgage could have readily detected any error in it. He will not now be permitted to relieve himself of a mistake for which he is alone responsible.

From what we have said it will not be necessary to review in detail the prayers. We find no error in the action of the Court below in granting the prayer of the appellee and in rejecting the instruction of the appellant, and for the reasons assigned we affirm the judgment of the Court with costs.

Opinion by ROBERTS, J., filed June 29, 1898. Recorded in Liber J. F. F. and A. R. No. 1, Folio 77.

*Richard S. Culbreth* (with whom was *Alonzo M. Hurlock* on the brief) for the appellant.

*Howard M. Emmons* for the appellee.